UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                        :

In re:                                :
                                        :

MARLYNN RENEE O'NEAL,        :
                                        :       CASE NO. 5:08-MC-00043
                                        :       BANKRUPTCY CASE NO. 07-51027

                Debtor.               :
----------------------------------------------- :
                                        :

HABBO G. FOKKENA,            :
United States Trustee            :
For Region 9                   :       OPINION AND ORDER
                Plaintiff,           :       [Resolving Doc. No. 1]
vs.                                :
                                        :

COUNTRYWIDE HOME LOANS, INC.,    :
                                        :
                Defendant.         :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        The Defendant Countrywide Home Loans, Inc.'s ("Countrywide") has filed a motion for

withdrawal of the reference to the Bankruptcy Court.  [Doc. 1].  The Plaintiff-Trustee Habbo G.

Fokkena ("Trustee") opposes the motion.  [Doc. 6].  In the underlying bankruptcy proceeding, the

Plaintiff Trustee had moved for sanctions against Defendant Countrywide for allegedly frivolous

filings in the Bankruptcy Court and for an injunction to prevent Countrywide from engaging in similar

conduct in the future.  With its motion to withdraw the reference, Defendant Countrywide argues that

the sanctions are criminal contempt sanctions and the Bankruptcy Court does not have jurisdiction

to decide such issues.  For the reasons set forth below, the Court DENIES the motion for withdrawal

of the reference.

I.      **Factual Background: In Response to the Trustee's Motion for Sanctions and an Injunction, Countrywide Moves to Withdraw the Reference.**

On April 11, 2007, Debtor Marlynn Renee O'Neal filed a voluntary Chapter 13 bankruptcy petition and plan.  In her bankruptcy filings, Debtor O'Neal listed 327 Ira Avenue in Akron, Ohio (Ira Residence) as a previous residence and represented that she had transferred her interest in the property before she filed her bankruptcy petition.  On May 1, 2007, several weeks after Debtor O'Neal's filings, Defendant Countrywide filed an objection to confirmation of the bankruptcy plan and also filed a proof of claim on the Ira Residence.  In his complaint for injunctive relief and sanctions before the Bankruptcy Court, the Trustee alleged that the objection and proof of claim filings were "an abuse of the bankruptcy process," [Doc. 6, Ex. A at 7], because Countrywide failed to ensure the accuracy of its filings.[1]

With his complaint to the Bankruptcy Court, the Trustee sought sanctions against Countrywide for the allegedly merit-less filings and an injunction to stop Countrywide from engaging in similar conduct in the future.  Responding, Defendant Countrywide disputed Trustee's portrayal of the claims as merit-less and, consistent with the motion before this Court, now argues that the reference to the Bankruptcy Court should be withdrawn because 1) the sanctions sought by the Trustee are essentially criminal contempt sanctions that are outside of a bankruptcy court's jurisdiction, and 2) the district court is capable of addressing the sanctions and injunction more efficiently.

II.  **Countrywide's Jurisdictional Argument**

---

[1] The Trustee argued that the proof of claim filing was abusive because Debtor O'Neal disclosed the transfer of her interest in the estate in her statement of financial affairs, and because Debtor O'Neal and Countrywide had previously entered into an agreement regarding the property.  The Trustee says that Countrywide did not reasonably ensure the accuracy of its claims because Debtor O'Neal's filing and her previous agreement with Countrywide show that Countrywide's filings had no support.

Defendant Countrywide argues that the sanctions sought by Trustee are criminal in nature, and are therefore beyond the jurisdiction of the Bankruptcy Court.  *See generally Matter of Hipp, Inc.*, 895 F.2d 1503 (5th Cir. 1990).  *Hipp* involved an appeal from a bankruptcy court's holding of contempt hearings and convicting the defendant of criminal contempt under 18 U.S.C. section 401(3).  *Id.* at 1504.  The bankruptcy court sentenced that defendant to five concurrent terms of six months' confinement.  *Id.*  When the defendant appealed the contempt conviction, the Fifth Circuit provided a lengthy discussion of criminal contempt and noted the "serious constitutional problems attendant on Congress' vesting of contempt powers in bankruptcy courts."  *Id.* at 1513.  Contempt proceedings, either civil or criminal, are designed to ensure compliance with a court's order.  *See ex parte Robinson*, 86 U.S. 505, 510 (1873).[2/]

While there may be constitutional problems with a bankruptcy court's imposition of criminal contempt, that issue is not raised in the case before this Court.  Here, the Trustee moved for sanctions against Countrywide for allegedly merit-less filings.  No order of the court has been disobeyed. [Doc. 8, at 7 (Countrywide noting that the Trustee "fail[ed] to allege the existence of any order that Countrywide has violated")].

Regardless of any constitutional jurisdictional problems presented when bankruptcy courts deal with a criminal contempt proceeding, "[t]here can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct presented before the court."  *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284 (9th Cir. 1996).  Bolstering the conclusion that bankruptcy courts have sanction authority, Federal Rules of Bankruptcy Procedure Rule 9011 specifically authorizes such

---

[2/] "The power to punish for contempts is inherent in all courts' its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. 505, 510 (1873).

sanctions.  FED. R. BANKR. P. 9011.[3/]  Additionally, Rule 9011 "is only one of a number of statutes and rules that enable a court to impose sanctions upon counsel and others."  *Collier on Bankruptcy* § 9011.14 (15th ed. rev.) (noting that "courts have the inherent power to impose sanctions, particularly 'when statutes or rules prove inadequate to remedy misconduct'" (quoting *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 551 (9th Cir. 2004)).  This Court finds the authorities on whether bankruptcy courts can impose criminal contempt sanctions inapposite to the Trustee's motion for monetary sanctions.  The Trustee's motion for sanctions in the underlying bankruptcy proceeding falls within the jurisdiction of the Bankruptcy Court.

### III.  Countrywide's Alternative Argument for Withdrawal of the Reference

Countrywide alternatively argues that even if the Bankruptcy Court has jurisdiction over the Trustee's application for injunctive relief and sanctions, the Court should withdraw the reference. Section 157(d) of the Bankruptcy Code governs the withdrawal of a reference and provides for both permissive and mandatory withdrawal.  28 U.S.C. § 157(d).  The procedures for a withdrawal sanctioned by § 157(d) are provided in Federal Rules of Bankruptcy Procedure Rule 5011.  FED. R. BANKR. P. R. 5011.  The motion to withdraw the reference is "committed exclusively to the district court" and the "bankruptcy judge will not conduct hearings on a withdrawal motion."  FED R. BANKR. P. R. 5011 1987 advisory committee notes.

Section 157(d) has two district parts[4/]: the first part governs permissive withdrawal, and the

---

[3/]  Rule 9011 provides that when a "petition, pleading, written motion, or other paper" is "present[ed] to the court," the attorney certifies that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," and that "the allegations and other factual contentions have evidentiary support."  FED. R. BANKR. P. 9011(b).  If a bankruptcy judge finds that the above quoted provision has been violated, a bankruptcy judge may impose sanctions requiring the party "to pay a penalty into court, or . . . direct[] payment to the movant."  *Id.* at (c).

[4/]  In full, section 157(d) reads, "[1] The district court may withdraw, in whole or in part, any case or
(continued...)

second part governs mandatory withdrawal.  This section will address each in turn.

*III.A. The Legal Standard for Permissive Withdrawal*

Under permissive withdrawal, when a movant shows cause for withdrawal, the district court has discretion to grant the withdrawal.  28 U.S.C. § 157(d).[5/]  The Bankruptcy Code does not define the "cause" required for permissive withdrawal.   Courts have developed a list of non-exhaustive factors pertinent to the cause determination.  These factors include:  judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core.   *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993).

"If one or more of these factors is present, the court may find that cause exists to withdraw the reference." *United States v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992).  The decision to withdraw the reference, however, even if several of the factors favor withdrawal, is committed to the discretion of the district judge.  *See* 28 U.S.C. § 157(d) ("district court *may* withdraw") (emphasis added); *Collier on Bankruptcy* § 3.04 [1][b].

To aid in the balancing of the above factors, courts may first determine the whether the issue is core or non-core, "since it is upon this issue that questions of efficiency and uniformity will turn."

---

[4/](...continued)
proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. [2] The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).

[5/] Section 157(d) provides that, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

-5-

*Orion*, 4 F.3d at 1101.  A non-core proceeding has four characteristics:  (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would continue to exist independent of the provisions of Title 11; and (4) the parties' rights, obligations, or both are not significantly affected as a result of the filing of the bankruptcy case.  *In re Hughes-Bechtol*, 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992).  Further, "since Congress intended to interpret core proceedings broadly, those proceedings which do not contain all the characteristics of a non-core proceeding will be determined to be core."  *Id.*

       *III.B.  Permissive Withdrawal Analysis:  The permissive factors weigh against withdrawal.*

       This Court finds that several of the factors referenced in *Holland* support denying permissive withdrawal.  With his complaint, the Trustee seeks the imposition of sanctions for abusive actions before the Bankruptcy Court.  This claim implicates the inherent powers of bankruptcy courts.  The Bankruptcy Court is presumably more familiar with, and the issue will therefore be more efficiently handled by the Bankruptcy Court.  Additionally, the Bankruptcy Court will be in a better position to gauge the propriety of the allegedly improper filings.  Most significantly, a motion to change the venue–a withdrawal of the reference–that is filed in response to an adverse party's motion for sanctions raises forum shopping concerns.

       *III.C.  Mandatory Withdrawal*

       In contrast to the permissive language of the first part of § 157(d), the second half of the provision mandates that a district court "shall" withdraw "*on a timely motion of a party*" when "the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d) (emphasis added).  The moving party bears the burden of demonstrating that the

reference should be withdrawn.  *See In re Vicars Ins. Agency, Inc., 96 F.3d 949, 953 (7th Cir. 1996)*.

Here, Countrywide stated in their reply brief that, "Countrywide never alleged mandatory cause for withdrawal under [section 157(d)]." [Doc. 8, at 2].  Because Countrywide never moved for mandatory withdrawal, that issue is not properly before this Court.

### III. Conclusion

For the foregoing reasons, this Court **DENIES** Defendant Countrywide's motion for withdrawal of the reference.

IT IS SO ORDERED.


Dated: August 20, 2008                             s/        *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED   STATES   DISTRICT   JUDGE