UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :

In re:                                            :

MARLYNN RENEE O'NEAL,        :
                                                :       CASE NO. 08-MC-00043
                                                :       BANKRUPTCY CASE NO. 07-51027
            Debtor.                         :
------------------------------------------------- :
                                                :

DANIEL M. MCDERMOTT          :
United States Trustee                  :
For Region 9                            :       OPINION AND ORDER
            Plaintiff,                    :       [Resolving Doc. No. 10]
vs.                                                :
                                                :
COUNTRYWIDE HOME LOANS, INC.,  :
                                                :
            Defendant.                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      The Defendant Countrywide Home Loans moves this Court to reconsider its Opinion and Order denying Countrywide's motion to withdraw the case from the Bankruptcy Court. [Docs. 9, 10.] The Trustee opposes this motion. For the reasons stated in this Court's initial Opinion and Order and the reasons stated below, this Court **DENIES** the motion to reconsider.

**I. Background**

      The United States Trustee filed a complaint against Countrywide for allegedly abusive practices before the Bankruptcy Court in O'Neal's underlying bankruptcy action. [Doc. 1-3.] Countrywide moved to withdraw the Trustee's complaint for sanctions from the bankruptcy to this Court. [Doc. 1-1.] This Court denied that motion, and Countrywide moved this Court to reconsider

Case No. 5:08-mc-00043-JG
Gwin, J.

on two grounds: (1) this Court "improperly relied on Federal Rule of Bankruptcy Procedure 9011 and inherent authority in determining that the Bankruptcy Court has jurisdiction," and (2) this Court "failed to properly consider the permissive factors for withdrawal of the reference." [Docs. 9, 10 at 4.]

## II. Analysis

This Court will first set out the legal standard governing a motion to reconsider and then address each of Countrywide's arguments in turn.

*II.A. A Motion to Reconsider: a rarely granted remedy to correct clear error of law, newly discovered evidence, a change in controlling law, or a manifest injustice.*

Courts analyze a motion to reconsider as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment."). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A court may grant a motion to amend or alter judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930

Case No. 5:08-mc-00043-JG
Gwin, J.

F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted). When the "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration but by "appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

*II.B.  The Bankruptcy Court's Jurisdiction: a bankruptcy court has jurisdiction over the sanctions sought by the Trustee.*

In the summary judgment opinion, this Court found that the bankruptcy courts had the inherent authority to sanction vexatious conduct and Bankruptcy Rule 9011 in finding that the Bankruptcy Court had jurisdiction over the Trustee's complaint. [Doc. 10.] Countrywide says this was wrong.

In the Order that Countrywide challenges, this Court did not hold that Bankruptcy Rule 9011 established jurisdiction over the Trustee's complaint. This Court held that a bankruptcy court had inherent authority to sanction vexatious conduct. [Doc. 9 at 3 (citing *In re Rainbow Magazine Inc.*, 77 F.3d 278, 284 (9th Cir. 1996)]; *see also Marrama v. Citizens Bank of Mass.*, -- U.S. --, 127 S. Ct. 1105, 1112 (2007).

This Court never held that Bankruptcy Rule 9011 controlled this case, nor implied that the Trustee had moved for sanctions under Rule 9011. Rather, this rule of procedure that allows a bankruptcy court to impose monetary sanctions supported the conclusion that a bankruptcy court has this inherent power. Countrywide argued that the Trustee's complaint for monetary sanctions was analogous to criminal contempt sanctions. [Doc. 1-1 at 2 ("Plaintiff seeks monetary sanctions in the nature of criminal contempt sanctions, and the Bankruptcy Court has no power to sanction a party for criminal contempt.")] Bankruptcy Rule 9011 "bolster[ed]" the conclusion that the imposition

-3-

Case No. 5:08-mc-00043-JG
Gwin, J.

of a monetary fine for vexatious conduct is not an unconstitutional jurisdictional overreaching, but rather an ordinary part of bankruptcy procedure.  [Doc. 9 at 3-4.]

Countrywide has also supplemented its motion to reconsider with the opinion in *Walton v. Countrywide Home Loans Inc.*, 2008 WL 4467207, Adv. No. 08-1176-BKC-AJC (Bankr. S.D. Fla. Oct. 2, 2008).  According to Countrywide, *Walton* was "a parallel case . . . alleging identical causes of action." [Doc. 14 -1 at 1.] The *Walton* case, decided by a bankruptcy judge and not a district court judge, specifically states, "[t]o the extent Countrywide's Motion to Dismiss is predicated on the grounds that . . . the Court lacks subject matter jurisdiction it is denied.  Moreover, the Court believes that the UST has standing, and Countrywide's Motion to Dismiss on that ground is denied as well." *Walton*, 2008 WL 4467207    at *1, [Doc. 14-2 Ex. A at 3].

That opinion, while ultimately reaching a conclusion on the merits that is favorable to Countrywide's position, is consistent with this Court's conclusion that a bankruptcy court has jurisdiction over the monetary sanctions sought in this case.

II.C. *Permissive Withdrawal of the Reference: unlike mandatory withdrawal, permissive withdrawal is within the discretion of the district court.*

Countrywide says that "the Court failed to consider all of the factors for permissive withdrawal of the reference." [Doc. 10 at 6.] Courts have employed a list of several non-exhaustive factors when deciding a motion for permissive withdrawal of the reference.  The permissive withdrawal is within the discretion of the district court, and the proponent of withdrawal bears the burden of showing cause for withdrawal.  This Court considered several of these factors, and after such consideration, this Court, in its discretion, declined to grant Countrywide permissive withdrawal. [Doc. 9 at 5-6.]

Case No. 5:08-mc-00043-JG
Gwin, J.

On this motion to reconsider, this Court declines to reconsider Countrywide's legal arguments.

IT IS SO ORDERED.


Dated: October 13, 2008                    s/     *James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED   STATES   DISTRICT   JUDGE